# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KARINA FRANCO-REY,**

      **Plaintiff,**

v.                                                                   Case No: 6:21-cv-682-CEM-DCI

**OSCAR VEGA VAZQUEZ,**

      **Defendant.**

## ORDER

### I.  Background

On April 19, 2021, Plaintiff Karina Franco-Rey, appearing *pro se*, filed a "Complaint for a Civil Case" against Oscar Vega Vazquez. Doc. 1 (the Complaint). Plaintiff alleges that the basis for this Court's subject matter jurisdiction is a federal question but does not provide any specific federal statutes, treaties, or provisions of the United States Constitution that are at issue in this case. *Id*. Additionally, Plaintiff does not identify any causes of action. *Id*. In a Statement of Claim, Plaintiff alleges, in entirety:

> OSCAR VEGA VAZQUEZ IS USING ME (KARINA FRANCO-REY, PATRICIA REY, JOEL VELASCO) AS VICTIMS OF ECONOMIC SCHEMES THAT AN ILLEGAL PARALEGAL BUSINESS OPERATING OUT OF THE RESIDENCE, FALSE MILITARY CLAIMS FOR MEDICAL BENEFITS, IMMIGRATION AND TAX SCHEMES USING VULNERABLE ADULTS MENTIONED, OTHER SCHEMES INCLUDE INSURANCE FRAUD, CYBER HARASSMENT CRIMES, TAX SCHEMES BUSINESS CORPORATIONS, ETC.

*Id.* at 4.  This paragraph begins in the Amount in Controversy section and flows through the Statement of Claim section. Doc. 1 at 4.  In her request for relief, Plaintiff states:

> CONSTANT UNEMPLOYMENT TO RUN TAX SCHEMES RELATED TO HIS ILLEGAL PARALEGAL SERVICE OPERATION NETWORK OUT OF PLACE OF RESIDENCE. MILITARY CYBERSTALKING DUE TO HIS FALSE

>   CLAIMS AT THE VA (USING US A PATIENTS) OR AS VULNERABLE ADULTS[.]

*Id.*  Plaintiff then includes what appears to be a copy of an Incident Report from the Orange County Sherriff's Office, with additional, hand-written text stating:

>   VARIOUS REPORTS FILED
>   NEED TO INITIATE A CASE
>   IN FEDERAL COURT
>   AGAINST DEFRAUDING VA
>   DEFRAUDING STATE PROGRAM
>   DEFRAUDING IRS
>   OCSO STAFF PROTECT OSCAR VEGA VAZQUEZ BECAUSE HE DOES THEIR TAX AND OTHER PARALEGAL PAPERWORK. CIVILIAN COMMUNICATION NETWORKS DEFAME ME TO PROTECT HIM.

*Id.* at 5.  Finally, Plaintiff states that she is "ASKING FOR A TRIAL AND PRESS CHARGES AGAINST DEFENDANT." *Id.* at 6.

This matter is now before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a motion to proceed *in forma pauperis*.  Doc. 2 (the Motion).

## II.   Overview of Applicable Law

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*.  First, the Court must determine whether a plaintiff is eligible to proceed *in forma pauperis*.  28 U.S.C. § 1915(a)(1).  Second, once the Court is satisfied that plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief.  *Id.* at § 1915(e)(2)(B)(i-iii).[1]  Additionally, under Federal Rule of Civil Procedure

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

12(h)(3), a district court may at any time, upon motion or sua sponte, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (citations omitted).[2] The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but the Court is under no duty to rewrite the complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief may be granted. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Moreover, a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Discussion

Upon review of the Motion, it appears that Plaintiff may qualify as a pauper pursuant to § 1915(a)(1). However, the Complaint does not adequately allege the Court's subject matter jurisdiction. Plaintiff appears to allege that this Court has subject matter jurisdiction pursuant to a federal question, but Plaintiff does not identify any federal statutes, federal treaties, or provisions of the United States Constitution that are at issue in this case. *See* Doc. 1 at 3. Additionally, the Complaint includes no discernible causes of action—or, indeed, any factual allegations—that are clearly tethered to a federal question. *See* Doc. 1. Thus, Plaintiff has not adequately alleged that

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the Court can exercise federal question jurisdiction in this case. *See* 28 U.S.C. § 1331. Moreover, Plaintiff does not otherwise allege that the amount of controversy in this case exceeds $75,000.00 or that there is complete diversity of citizenship. Rather, Plaintiff alleges that both she and Defendant are Florida citizens. *See* Doc. 1. Thus, Plaintiff has not established that diversity jurisdiction exists. *See* 28 U.S.C. § 1332.

Even if Plaintiff had properly alleged subject matter jurisdiction, the bare-bones allegations of the Complaint appear to fail to state a claim for relief and are thus equally subject to dismissal under § 1915(e). Nonetheless, because this Court may not proceed unless subject matter jurisdiction is clear, *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004), the Court finds that the Complaint is due to be dismissed without prejudice and that the Motion is due to be denied without prejudice.

A *pro se* plaintiff must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted). Here, the Court finds that Plaintiff should be given leave to amend her complaint and may file an amended complaint as set forth in this Order.

### IV. Conclusion

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 2) is **DENIED without prejudice**;

2. The Complaint (Doc. 1) is **DISMISSED without prejudice**;

3. To the extent the letter dated April 10, 2021 (Doc. 3) requests relief and is a motion, it is **DENIED without prejudice**, as it is in violation of Local Rule 3.01(a) (because

it contains no memorandum of legal authority supporting the relief requested) and Local Rule 3.01(j) (because a party may not use a letter or the like to request relief);

4. **On or before May 27, 2020, Plaintiff may file an amended complaint and, if she does so, shall comply with the following instructions:**

   a. Plaintiff shall specifically list the federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case;

   b. Plaintiff shall specifically plead a short and plain statement of the facts and basis for the Court's jurisdiction;

   c. To the extent Plaintiff is raising more than one claim, Plaintiff shall set forth each claim in a separate count;

   d. Plaintiff shall specifically plead a short and plain statement of the facts by stating what each Defendant did that caused Plaintiff harm or violated Plaintiff's rights, including the dates and places of that conduct;

   e. Plaintiff shall show how he has been damaged or injured by each Defendant's actions and/or omissions;

   f. Plaintiff shall set forth a clear statement of the relief sought for each claim;

   g. The amended complaint must include all of Plaintiff's claims in this action, and shall not refer back to the Complaint;

   h. Plaintiff shall not solely rely upon attachments to the amended complaint for purposes of stating a valid claim;

   i. Plaintiff shall file the amended complaint with the Clerk's office;

4. **Failure to comply with the above requirements may result in a recommendation that the case be dismissed without further warning**;

5. At the time Plaintiff files an amended complaint, Plaintiff shall also file a renewed motion to proceed *in forma pauperis* using an approved form or shall pay the full filing fee. **Failure to file an amended complaint and to renew the motion to proceed *in forma pauperis* or pay the full filing fee within the time provided may result in a recommendation that the case be dismissed without further warning**;

6. Plaintiff shall also immediately advise the Court of any change of address that occurs during the course of this case. He shall entitle the paper "Notice to the Court of Change of Address" and not include any motions or otherwise request any relief therein. This notice shall contain only information pertaining to the address change and the effective date of the change. **Failure to inform the Court of an address change may result in a recommendation that the case be dismissed without further warning**; and

7. **The Clerk is directed to send a copy of this order to Plaintiff by regular mail.**

**ORDERED** in Orlando, Florida on April 28, 2021.

Copies furnished to:
Counsel of Record
Unrepresented Parties

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE